■ In the Matter of the GRAND JURY SUBPOENA OF LYNNE F. STEWART et al., Appellants. SPECIAL PROSECUTOR OF STATE OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Leslie Crocker Snyder, J.), entered on or about August 3, 1989, which denied appellants' motions for orders quashing Grand Jury subpoenas served upon them, modified, on the law, to stay enforcement of the subpoenas until appellants' representations of defendants in the proceeding bearing indictment number 8329/89 are terminated, and is otherwise affirmed, without costs.

The fee information sought by the prosecution is neither privileged *(Matter of Priest v Hennessy,* 51 NY2d 62) nor directly incriminatory of appellants' clients since they already stand indicted; therefore the subpoenas should not be quashed. Nevertheless, their enforcement should be stayed until appellants' representations of defendants in this matter are terminated either by judgment after trial, by plea, or otherwise. In this way, the inevitable "chilling effect" that the very summoning of appellants before the Grand Jury has on their relationships with their clients *(United States v Klubock,* 832 F2d 649, 653-654, *on reh decision adhered to* 832 F2d 664; *In re Grand Jury Matters,* 751 F2d 13, 18-19; *In re Grand Jury Subpoena Served Upon Doe,* 781 F2d 238 [Cardamone, J., dissenting], *cert denied sub nom. Roe v United States,* 475 US 1108) will be ameliorated, as it should be absent a showing by the prosecution that the information it seeks must be had from appellants at this time. We note that in *Matter of Priest v Hennessy (supra),* the attorneys called to testify before the Grand Jury were questioned only about their fees in prior representations; there was not any extant attorney-client relationship as is present here. Concur—Rosenberger, J. P., Kassal and Wallach, JJ.

Smith and Rubin, JJ., dissent in a memorandum by Smith, J., as follows: I would deny the motion to quash the subpoenas and permit immediate testimony before the Grand Jury.

This is an appeal by three criminal defense attorneys, Lynne Stewart, David Weiss and Christopher Lynn, from an order of the Supreme Court which denied their motions to quash subpoenas requiring (1) their appearance before a New York County Grand Jury investigating illegal narcotic sales and (2) the production of "all records of amounts billed and payments made for services rendered * * * including fee arrangements and retainer agreements" related to their respective clients in a pending criminal proceeding.

The criminal proceeding grew out of an investigation of an

organization allegedly supplying narcotics to the Lower East Side of Manhattan. That investigation began in August 1988 and, in February 1989, resulted in a 32-count indictment for conspiracy in the second degree, criminal sale and possession of a controlled substance in the first degree, criminal possession of weapons and related crimes (indictment No. 1711/89). The six defendants included Dominick Maldonado (represented by appellant Stewart) and Susan Chang (represented by appellant Weiss).

On June 1, 1989 and June 2, 1989, two other alleged members of the narcotics organization were arrested, Luis Torres (also known as King) and Jaris Rodriguez. After their indictment (indictment No. 6259/89), appellant Lynn appeared in court to represent Rodriguez.

On July 19, 1989 a Grand Jury returned a 52-count superseding indictment charging 11 defendants, including Maldonado, Chang and Rodriguez, with conspiracy in the second degree, criminal sale and possession of a controlled substance in the first degree, criminal possession of weapons and other crimes (indictment No. 8329/89).

Appellants Stewart, Lynn and Weiss were served with the aforementioned subpoenas on July 5, 6 and 10, 1989, respectively. In July 1989 they moved for orders quashing the subpoenas. The grounds included a violation of the right to counsel under article I, § 6 of the NY Constitution, a violation of defendants' rights under the Fifth, Sixth and Fourteenth Amendments to the US Constitution, a violation of the attorney-client privilege and an abuse of process. Appellants urge with particular force that compelling them to testify before a Grand Jury about their fees will destroy the relationship with their clients.

The People respond that the information sought by the Grand Jury relates only to fees paid to appellants by members of an alleged narcotics organization on behalf of their clients and to conversations appellants had with those individuals and thus no violation of the attorney-client privilege or other constitutional infringement will occur. The People contend further that as a part of the drug conspiracy which is still under investigation, the defendants in the underlying criminal action were promised attorneys in any criminal prosecution and that the subpoenaed attorneys have information relative to this aspect of the conspiracy.

Fee arrangements between attorney and client usually do not constitute confidential communications and, thus, unlike

communications which relate to the subject matter of the attorney's professional employment, generally are not privileged. *(Matter of Priest v Hennessy,* 51 NY2d 62, 69 [1980]; *see also, In re Grand Jury Subpoena Served Upon Doe,* 781 F2d 238 [2d Cir. 1985; en banc].)

A major concern here is the timing of the subpoenas. The appellants have represented the several defendants since formal charges were instituted. There is some indication that the case is virtually ready for trial. While the possibility exists of delaying any Grand Jury testimony until after a trial and thus reducing or eliminating any argument concerning damage to the attorney-client relationship, there is no valid reason to halt or slow the ongoing investigation of an alleged drug conspiracy. The allegation that the Grand Jury appearance will have a chilling effect is conclusory and without adequate evidentiary support, and under the facts and circumstances of this proceeding must be rejected. Moreover, there is no reason to condition the testimony on the prosecution's ability to show necessity, as advocated by the defendant, or on the lack of alternative source for the information and an affirmative showing of good faith before the Grand Jury appearance, as required by the motion court. *(See, In re Grand Jury Subpoena Served Upon Doe, supra.) [See,* 144 Misc 2d 1012.]