{¶ 11} I concur in the judgment entered this day but write separately to caution that following a no bill, a prosecuting attorney must not simply shop for another grand jury but should instead endeavor to obtain some additional evidence to justify a second grand jury presentation. Further, because the defense does not have easy access to this information, courts should guard against improper successive grand jury presentations.
 {¶ 12} As the court cautioned in United States v. Navarro-Vargas
(C.A.9, 2005), 408 F.3d 1184:
 {¶ 13} "[M]any criticize the modern grand jury as no more than a `rubber stamp' for the prosecutor. BEALE, ET AL, supra, § 1:1. 15 `Day in and day out, the grand jury affirms what the prosecutor calls upon it to affirm — investigating as it is led, ignoring what it is never advised to notice, failing to indict or indicting as the prosecutor "submits" that it should.' FRANKEL NAFTALIS, supra, at 22. Or, as the Supreme Court of New York so colorfully put it: `Many lawyers and judges have expressed skepticism concerning the power of the Grand Jury. This skepticism was best summarized by the Chief Judge of this state in 1985 when he publicly stated that a Grand Jury would indict a `ham sandwich."' In re Grand Jury Subpoena of Stewart, 144 Misc. 2d 1012,545 N.Y.S.2d 974, 977 n. 1 (Sup.Ct.), affd. as modified, 156 A.D.2d 294,548 N.Y.S.2d 679 (App.Div. 1989)."
 {¶ 14} We must endeavor to ensure that the grand jury does not simply become a rubber stamp for the prosecuting attorney and that there will not be successive presentations to different grand juries unless the subsequent grand jury *Page 7 
is asked to view additional evidence, and not simply revisit evidence that has already been presented. *Page 1